This was an application for a Writ of Error to a judgment against the petitioner, in the Superior Court of Russell county. The prisoner was indicted for the murder of Lewis Horton. At his trial, there were three Bills of Exceptions taken to the opinion of the Court. The first Bill stated that, “John Chandler, one of the venire, being called and sworn on the voir dire, stated, in answer to the interrogatory by the Court, ‘ have you made up, and expressed an opinion in this Case ?’ That he had made up, from the rumor of the country, this opinion, that if the facts of the Case were such as he had heard, and should be proved at the trial, then his opinion would be in conformity to those facts: but, if the facts and proof should appear different from the rumor he had heard, then his opinion, still conforming to the proof, would be different from that rumor, and the opinion which he had formed on it. And being further interrogated by the Court, the said Chandler said he had not heard the evidence or any part of it; that he felt no prejudice against the accused, and believed in his conscience he could do the accused as much justice as any other person, and try his cause free from any bias or prejudice whatever. Whereupon, the prisoner by his Counsel, challenged the said John Chandler for the cause above stated, and insisted that the said Chandler was, in consequence thereof, an unfit juror to pass upon his Case : But the Court decided that the cause alleged was insufficient to constitute a good ground of challenge, and directed the said Chandler to look upon the prisoner, upon which the prisoner peremptorily challenged him. To the said decision the prisoner excepted.”
The second Bill of Exceptions stated, “ that the prisoner introduced his daughter, a witness, to prove the insanity of the prisoner before the fact, of which he is accused, was committed : but such evidence being objected to by the Attorney for the commonwealth, the Court decided that it was improper to introduce such proof until the prisoner’s insanity was proved on the day he shot the deceased ; and the witness aforesaid, stating that she knew nothing of the prisoner *on that day, nor for some days before, was not further interrogated. To that opinion the prisoner excepted.
The third Bill is unnecessary to be set forth. The prisoner was convicted, and sentence of death was passed upon him.
Mr. heigh on behalf of the prisoner, now prayed for a Writ of Error, alleging, “that he is aggrieved by the opinion of the Court, stated in the second Bill of Exceptions ; the Court having there decided, that it was improper to introduce a witness for the prisoner to prove his insanity, before the fact he was accused of was committed, until his insanity was proved on the day he shot the deceased ; and the witness stating that she knew nothing of the prisoner on that day, nor for some days before, was not further interrogated. Now your petitioner humbly represents, that although no proof was adduced to shew his insanity on the day on which the fact was committed, yet evidence of insanity recently preceding the fact, ought to have been admitted, in order that the jury, having evidence of the insanity before them, might be enabled to judge from the circumstances attending that malady, whether it probably continued until the perpetration of the fact, or was mere temporary in its nature.”
The Writ of Error was awarded, and the Attorney General agreeing to dispense with the emanation of the Writ, and to receive the Record on which the petition was founded, as if verified on the return of a Certiorari, pleaded thereto “in nullo est erratum,” and the Court having inspected the Record, decided unanimously that the judgment should be reversed, the same being erroneous in this, “that the Court rejected the evidence of the witness introduced by the prisoner, to prove his insanity before the commission of the fact of which he was accused, and in deciding that it was improper to introduce such proof until the prisoner’s insanity was proved on the day he shot the deceased.” A new trial was therefore awarded.